

FILED

JUL 17 2019

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRAVIS LORREN GRAY,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 19-70-BLG-SPW-TJC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On May 28, 2019, Petitioner Travis Lorren Gray, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1 at 8.) Gray is a state prisoner proceeding pro se.

In the instant petition, Gray challenges a sentencing condition requiring him to comply with polygraph testing, a condition which apparently is commonly imposed by the State of Montana upon Sexual Offenders. See, *Id.* at 5, ¶13(B).

---

[1] Under the "prison mailbox rule" a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court. *Houston v. Lack*, 487 U.S. 266 (1988).

1

Gray believes the condition to be illegal and violative of his Fifth Amendment rights. He asks this Court to strike the condition from his sentence. *Id.* at 7, ¶16. As set forth below, however, the petition should be dismissed because this Court lacks jurisdiction to hear Gray's successive petition.

I.   **Motion to Proceed in Forma Pauperis**

Gray has moved this Court to proceed in forma pauperis. See, (Doc. 2.) After reviewing the motion and supporting account statement, it appears Gray has sufficiently shown he cannot afford to pay all costs that may be associated with this action. Gray's motion to proceed in forma pauperis will be granted.

II.   **28 U.S.C. § 2254 Petition**

Following a 2015 guilty plea to the offense of Sexual Intercourse without Consent in Montana's Fourteenth Judicial District, Musselshell County, Gray was sentenced to the Montana Department of Corrections for 15-years, with 10 of those years suspended. See, (Doc. 1 at 2-3.) Gray did not file a direct appeal, did not apply for sentence review, and did not file a petition for postconviction relief. *Id.* at 3-4. But Gray has filed various petitions for writs of habeas corpus in the Montana Supreme Court. *Id.* at 4, ¶12.[2] None of Gray's state habeas petitions

---

[2] See, *Gray v. Salmonsen*, OP 18-0514, Or. (Mont. Sept. 18, 2018) (petition alleging discrimination based upon sexual orientation and purported denial of submission of updated parole plan denied); *Gray v. Guyer*, OP 18-0715, Or. (Mont. Jan. 8, 2019) (petition challenging sentencing condition restricting Gray's access to

2

raised the same claim Gray now presents to this Court.

Gray did file a prior habeas petition with this Court challenging sentencing conditions which prevent him from accessing the internet/social media. Gray claimed the prohibition infringed upon his First Amendment right of freedom of expression and upon his Fourteenth Amendment right to due process. This Court determined, under the applicable standard of review of 28 U.S.C. §2254(d), that the decision of the Montana Supreme Court denying Gray's claim must be afforded deference. Accordingly, Gray's federal petition was denied. See, *Gray v. Salmonsen*, CV-18-32-BLG-SPW, Or. at 2 (D. Mont. March 26, 2019).

### i. Analysis

As a preliminary matter, the claim Gray now attempts to raise before this Court is unexhausted; he has never presented this precise claim to the Montana Supreme Court. See, (fn. 2.) Because Gray has not yet exhausted available state court remedies, this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). But even if the claim were properly exhausted, this Court lacks jurisdiction.

---

the internet via computer or cell phone denied); *Gray v. Guyer*, OP 19-0183, Or. (Mont. April 16, 2019) (petition seeking copies of court records denied); and, *Gray v. Guyer*, OP 19-0228, Or. (Mont. May 8, 2019) (petition challenging denial of parole and asserting due process violation during rescission hearing denied). All state court briefing and orders available at: https://supremecourtdocket.mt.gov/ (accessed July 15, 2019).

In his prior habeas petition, Gray challenged conditions of his 2015 sentence. Because he has already filed a federal habeas petition challenging his conviction and the corresponding conditions, this Court may not review Gray's present petition unless and until he obtains leave from the Ninth Circuit Court of Appeals to file a second or successive petition. This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1).

A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3). Thus, Gray is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Until Gray obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court lacks jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). The petition should be dismissed.

### ii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court makes the following:

### ORDER

Mr. Gray's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**. The Clerk of Court is directed to waive payment of the filing fee.

### RECOMMENDATION

1. The Petition (Doc. 1) should be **DISMISSED** for lack of jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a

judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Gray may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Gray must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 17th day of July, 2019.

*/s/ Timothy J. Cavan*
Timothy J. Cavan
United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Gray is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.